# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| DISCOUNT TOBACCO WAREHOUSE, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:09-CV-05078-DGK |
| BRIGGS TOBACCO AND SPECIALTY COMPANY, INC., | ) ) ) ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO RECONSIDER

Pending before the Court is Defendant Briggs Tobacco's and putative Intervenor A & A Tupelo, Inc. d/b/a Globe Distributing's ("Globe") Motion for Reconsideration of the Court's May 4, 2010 Orders and May 7, 2010 Order (Doc. 59).

The May 4 orders denied Globe's motion to intervene (Doc. 48); denied Briggs' and Globe's motions for leave to file counterclaims and third-party claims (Doc. 49); and denied Briggs' motion to amend the Court's Scheduling and Trial Order (Doc. 50). The May 7 order sustained Plaintiff's objections to a portion of Briggs' discovery requests.[1]

Briggs and Globe now argue—seven weeks after these orders were entered, with the trial date rapidly approaching—that the Court should reconsider and reverse these rulings. Finding that Movants had fair opportunity to litigate this issue previously, and that granting the motion to reconsider will not correct any errors, much less a significant error, the motion is DENIED.

---

[1] Briggs argues the Court threw "the baby out with the bath water when it entered its order on the parties' discovery dispute" by ruling that "*all* of Briggs' requested discovery is out-of-bounds . . ." (Emphasis in the original.) The Court has not stricken Briggs' entire discovery request. The last sentence in the Order states "Plaintiff's objections are sustained," which meant Plaintiff did not have to respond to only those portions of discovery to which it had previously objected, not "*all*" discovery.

**Standard**

The Federal Rules of Civil Procedure do not include a 'motion to reconsider.' *Keys v. Wyeth, Inc.*, No. C08-1023, 2009 WL 1010064, at *1 (N.D. Iowa April 14, 2009). Such motions are usually construed as either a Rule 59(e) motion to alter or amend the judgment, or a Rule 60(b) motion for relief from a "final judgment, order, or proceeding." *Keys v. Wyeth, Inc.*, No. C08-1023, 2009 WL 1010064, at *1 (N.D. Iowa April 14, 2009).

Motions brought pursuant to Rule 59(e) "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citations omitted). They cannot be used to introduce evidence that could have been offered during the pendency of the motion, or "to raise arguments which could have been raised prior to the issuance of the judgment." *Id.* (holding district court did not err in failing to grant defendant's motion to alter the judgment because defendant could have raised its argument regarding the appropriate remedy while the motion for summary judgment was first pending). A district court has "broad discretion" in determining whether to grant a Rule 59(e) motion. *Id.* at 413.

Rule 60(b) motions may be used to reconsider a final order on certain enumerated grounds such as excusable neglect, fraud, newly discovered evidence, or "any other reason that justifies relief." Under Eighth Circuit law a party moving for reconsideration pursuant to any portion of Rule 60(b) must "establish 'exceptional circumstances' to obtain the 'extraordinary relief' the rule provides." *DeWit v. Firstar Corp.*, 904 F.Supp. 1476, 1496 (N.D. Iowa 1995) (quoting *United States v. One Parcel of Prop. Located at Tracts 10 and 11 of Lakeview Heights, Canyon Lake, Comal County, Texas*, 51 F.3d 117, 119 (8th Cir. 1995)).[2] A district court has

---

[2] Wright, Miller, and Kane argue that a showing of exceptional or extraordinary circumstances is necessary only when a party moves for reconsideration under the catchall clause of Rule 60(b)(6), which permits reconsideration for

wide discretion in deciding whether to grant a Rule 60(b) motion, but the Eighth Circuit has warned that "exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at." *Atkinson v. Prudential Prop. Co., Inc.*, 43 F.3d 367, 373 (8th Cir. 1994). Both Rule 59(e) and Rule 60(b) require that any judgment or order being reconsidered be a final judgment or order. Fed. R. Civ. P. 59(e), 60(b); *see* 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2852 (2nd ed. 1995).

The standard for reconsideration of an interlocutory order is less clear. *Vosdingh v. Qwest Dex, Inc.*, No. Civ. 03-4284 ADM/AJB, 2005 WL 1323007, at *1 (D. Minn. June 2, 2005). Although Rule 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment," some language in Eighth Circuit caselaw suggests that motions to reconsider "are nothing more than Rule 60(b) motions when directed at non-final orders." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (citing *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003) and *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999)). This language appears to be dicta[3] and has been criticized for

---

"any other reason that justifies relief." 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2857 (2nd ed. 1995). Because the Court is bound by Eighth Circuit precedent, however, it will apply the higher standard to all Rule 60(b) motions.

[3] The cases cited in *Elder-Keep* as support for this proposition are not on point. Although *Elder-Keep* quotes *Anderson*, the *Anderson* quotation is merely a parenthetical explanation of a citation to *Broadway*. And in *Broadway* the issue before the Court of Appeals was what standard of review should apply to a motion to reconsider an interlocutory order, not what standard should the district court have applied in deciding whether to grant the motion to reconsider an interlocutory order. The discussion in *Broadway* was as follows:

> "This motion was not directed to a final judgment, but rather to a nonfinal order. By its terms, only Rule 60(b) encompasses a motion filed in response to an order. Rule 59(e) motions are motions to alter or amend a *judgment*, not any nonfinal order. For that reason, we agree with the District Court that this 'motion for reconsideration' should be construed as a Rule 60(b) motion."

failing to recognize a district court's inherent authority to reconsider interlocutory orders, authority which as a practical matter a district court needs in order to modify orders in response to the changing circumstances of a lawsuit before it. *Garrett v. Albright*, No. 4:06-CV-4137-NKL, 2008 WL 268993, at *2 n.2 (W.D. Mo. Jan. 30, 2008) (Laughrey, J.) (expressing disagreement with *Elder-Keep*); *Laird v. Stilwill*, 982 F.Supp. 1346, 1354 (N.D. Iowa 1997) (holding that a district court's discretion to amend an interlocutory order is greater than its power to amend a final judgment); *see also Vosdingh,* 2005 WL 1323007, at *1 (observing that "[s]ince this Court owes no deference to itself and knows it makes mistakes, motions to reconsider will be granted and a change made when convinced an error has been made, manifest or not.").

The Court agrees it has greater discretion to grant a motion to reconsider an interlocutory order than a motion to reconsider a motion brought pursuant to Rules 59(e) or 60(b). Of course, it also has an interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders. Accordingly, it may reconsider an interlocutory order only if the moving party demonstrates (1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error.

## Discussion

The May 4 and May 7 orders were non-final, non-appealable interlocutory orders, so to prevail Briggs and Globe must show (1) that they did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error.

---

*Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). The *Broadway* court subsequently found it could review only the district court's order denying the motion to reconsider, not the district court's underlying substantive order. *Id.* Consequently this Court believes that Eighth Circuit has not addressed the issue of what standard a district should apply to a motion to reconsider an interlocutory order.

4

With respect to the first element the Court finds Briggs and Globe had ample opportunity to argue this matter previously and declines to extend them another opportunity to argue this matter unless they can demonstrate some reason why they could not have raised these arguments previously. The Court does not agree that "more in depth analysis of the facts and arguments previously submitted is exactly what motions for reconsideration are for." Embracing this notion would undermine the efficient administration of justice by encouraging parties to engage in seriatim briefing which would increase the cost of litigation without increasing the quality of justice.

Turning to the second element, the Court finds that granting the motion will not correct any errors, much less a significant error. The Court's previous orders were all designed to keep this litigation focused and moving along in a timely fashion. While Movants may not agree with these rulings—they would obviously prefer to expand the scope of the litigation and delay a trial—that does not mean the previous rulings were wrong. On the contrary, the Court has carefully reviewed these orders and finds no error, consequently Movants have not met their burden here.

## Conclusion

Defendant's Motion for Reconsideration (Doc. 59) is DENIED.

Plaintiff's request for costs, expenses, and attorney's fees associated with responding to the motion is also denied.

**IT IS SO ORDERED.**

Date:   September 2, 2010                     /s/ Greg Kays
                                              GREG KAYS, JUDGE
                                              UNITED STATES DISTRICT COURT